NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL RISIS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROBERT MENENDEZ, *et al.*,<br><br>　　Defendants. | No. 25cv16644 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On October 9, 2025, *pro se* Plaintiff Daniel Risis filed a complaint against a bevy of Defendants, alleging, *inter alia*, that these Defendants (including the mother of his minor children) have conspired against him to deprive Plaintiff of his constitutional rights, largely in connection with his separation from his minor children. D.E. 1 ("Complaint"). The Complaint was accompanied by an *ex parte* motion for a temporary restraining order ("TRO"). D.E. 2 ("TRO Motion"). The Court has reviewed the TRO Motion, as well as all relevant filings, and decides the TRO Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons explained below, the Court will **DENY** the TRO Motion and provide Plaintiff leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.

I.　　ANALYSIS

Federal Rule of Civil Procedure 65(b)(1) "limits the Court's ability to issue a TRO to instances when (i) the 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the' party seeking the TRO *and* (ii) the party seeking the TRO 'certifies in writing any efforts made to give notice and the reasons

why it should not be required.'" *Kenny v. Toms River Twp. Bd. of Adjustment*, No. 18-11461, 2018 WL 4442231, at *1 (D.N.J. Sept. 17, 2018) (quoting Fed. R. Civ. P. 65(b)(1)) (emphasis added). While "[t]he Court has a 'duty to be mindful of a litigant's *pro se* status when examining pleadings filed by a *pro se* litigant[,]' . . . a plaintiff's *pro se* status does not permit him to evade Rule 65's requirements." *Khalfani v. Way*, No. 24-7749, 2024 WL 4366916, at *3 (D.N.J. Oct. 1, 2024) (quoting *Levine v. Fin. Freedom*, No. 18-4127, 2018 WL 4688338, at *2 (D.N.J. Sept. 28, 2018)), *reconsideration denied*, 2024 WL 4501813 (D.N.J. Oct. 16, 2024).

Here, Plaintiff has provided a document he has labeled as "Initial Certification of Service." D.E. 1-3. This "Initial Certification of Service" does not, however, set forth any efforts Plaintiff has already made to give Defendants notice of the TRO Motion; instead, it simply states that the Defendants "will be served" with the TRO Motion, Complaint, and Summons. *Id.* at 1. Plaintiff's purported intent to serve Defendants at some indefinite time in the future does not satisfy Federal Rule of Civil Procedure 65(b)(1)'s requirement that the party seeking a TRO "certif[y] in writing any efforts *made* to give notice" (emphasis added). The "Initial Certification of Service" also fails to set forth "the reasons why notice should not be required as further" as further required by Federal Rule of Civil Procedure 65(b)(1). Plaintiff's other filings are similarly devoid certification of any efforts already made to give notice to Defendants or explanation of why notice should not be required. The Court will therefore **DENY** the TRO Motion and provide Plaintiff leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.

II.     **CONCLUSION AND ORDER**

Accordingly,

**IT IS**, on this **17th** day of October 2025,

**ORDERED** that Plaintiff's TRO Motion, D.E. 2, is **DENIED**; it is further

2

**ORDERED** that Plaintiff may re-file the TRO Motion as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail.

_____
Evelyn Padin, U.S.D.J.

3