<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANIEL RISIS, | |
| Plaintiff, | |
| v. | No. 25cv16644 (EP) (JBC) |
| ROBERT MENENDEZ, *et al.*, | **MEMORANDUM ORDER** |
| Defendants. | |

**PADIN, District Judge.**

On October 9, 2025, *pro se* Plaintiff Daniel Risis filed a complaint against a bevy of Defendants, alleging, *inter alia*, that these Defendants (including the mother of his minor children) have conspired against him to deprive Plaintiff of his constitutional rights, largely in connection with his separation from his minor children.  D.E. 1 ("Complaint").  The Complaint was accompanied by an *ex parte* motion for a temporary restraining order ("TRO").  D.E. 2 ("First TRO Motion").  The Court denied the First TRO Motion for failure to certify efforts to give notice but granted Plaintiff leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.  D.E. 5 ("Order Denying First TRO Motion").  Plaintiff did not do so.  *See* Dkt.

Plaintiff instead filed a request for service pursuant to Federal Rule of Civil Procedure 4(c)(3), D.E. 6, which the Hon. James B. Clark, U.S.M.J., denied, D.E. 7.  Defendant Livingston Police Department ("Livingston PD") subsequently filed a motion to dismiss, D.E. 9, which Plaintiff opposed, D.E. 16.  Plaintiff, for his part, filed a motion for judicial notice of admitted criminal conduct, D.E. 18, as well as a motion for preservation of evidence and limited early discovery, D.E. 17.   Livingston PD opposed both motions.  D.E. 19.

Plaintiff now moves for another TRO, requesting that the Court "[t]emporarily stay state-court enforcement and incarceration threats, and [r]equire Defendants to respond, so the Court may review the issues with full adversarial input before irreversible harm occurs." D.E. 21 ("Second TRO Motion") at 7.[1] The Court has reviewed the Second TRO Motion, as well as all relevant filings, and decides the Second TRO Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons explained below, the Court will **DENY** the Second TRO Motion and provide Plaintiff leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.

## I.    ANALYSIS

Federal Rule of Civil Procedure 65(b)(1) "limits the Court's ability to issue a TRO to instances when (i) the 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the' party seeking the TRO *and* (ii) the party seeking the TRO 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Kenny v. Toms River Twp. Bd. of Adjustment*, No. 18-11461, 2018 WL 4442231, at *1 (D.N.J. Sept. 17, 2018) (quoting Fed. R. Civ. P. 65(b)(1)) (emphasis added). While "[t]he Court has a 'duty to be mindful of a litigant's *pro se* status when examining pleadings filed by a *pro se* litigant[,]' . . . a plaintiff's *pro se* status does not permit him to evade Rule 65's requirements." *Khalfani v. Way*, No. 24-7749, 2024 WL 4366916, at *3 (D.N.J. Oct. 1, 2024) (quoting *Levine v. Fin. Freedom*, No. 18-4127, 2018 WL 4688338, at *2 (D.N.J. Sept. 28, 2018)), *reconsideration denied*, 2024 WL 4501813 (D.N.J. Oct. 16, 2024).

As was the case with Plaintiff's First TRO Motion, *see* Order Denying First TRO Motion, Plaintiff's Second TRO Motion is devoid of any certification of any efforts made to give notice to

---

[1] For ease of reference, the Court uses the page numbers assigned by CM/ECF.

Defendants of the Second TRO Motion and further devoid of any explanation as to why notice should not be required, *see* Second TRO Motion. In fact, given that no defendant other than Livingston PD has appeared in this action and there is no indication that any other defendant has even been served, *see* Dkt., most defendants in this action have not even been put on notice of this action at all. "Failure to comply with the requirements of Federal Rule of Civil Procedure 65 is grounds alone to deny" Plaintiff's Second TRO Motion. *Scott v. Fam. Dollar Stores*, No. 20-773, 2020 WL 7296780, at *4 (W.D. Pa. Dec. 11, 2020); *see Green v. Garza*, No. 25-1051, 2025 WL 2627420, at *5 (M.D. Pa. Sept. 11, 2025) (applying the notice certification requirements of Rule 65 to deny the petitioner's TRO motion where the defendant had already appeared in the case). The Court will therefore **DENY** the Second TRO Motion and provide Plaintiff leave to re-file it as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants.

To the extent Plaintiff intends to re-file the motion as a preliminary injunction—or bring any future TRO motions, the Court notes that injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To be entitled to injunctive relief, a plaintiff must make a "clear showing of immediate irreparable injury." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Grp. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). "A showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (citation modified). Moreover, "[i]njunctive relief will not be granted merely to allay the fears and apprehensions or to soothe the anxieties of the parties." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 832 (W.D. Pa. 2006). "Establishing a *risk* of irreparable harm is not enough." *Miller*

3

*v. Little*, No. 21-1941, 2022 WL 2070282, at *1 (M.D. Pa. June 8, 2022) (quoting *ECRI*, 809 F.2d at 226) (emphasis added in *Miller*).  Here, Plaintiff has failed to identify any non-speculative, immediate injury that warrants injunctive relief.  Instead, he, for instance, states that his "wife and her attorneys are openly demanding that the Family Part incarcerate [him] if [he] do[es] immediately pay tens of thousands of dollars."  Second TRO Motion at 29.  But Plaintiff has not provided the Court with any sort of showing that he actually will be incarcerated, much less when he will be incarcerated.  *See id.*  This is therefore precisely the type of speculative, non-immediate injury that does not warrant injunctive relief, and for which the Court will not grant injunctive relief should Plaintiff continue to request it.  *See Campbell Soup Co.*, 977 F.2d at 91; *Miller*, 2022 WL 2070282, at *1.

## II.    CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **13th** day of February 2026,

**ORDERED** that Plaintiff's Second TRO Motion, D.E. 21, is **DENIED**; it is further

**ORDERED** that Plaintiff may re-file the Second TRO Motion as a preliminary injunction under Federal Rule of Civil Procedure 65(a) upon notice to Defendants; and it is further

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail.

Evelyn Padin, U.S.D.J.