<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL M. RISIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LIVINGSTON POLICE DEPARTMENT,<br><br>    Defendant. | No. 25cv16644 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

In this civil rights action, *pro se* Plaintiff Daniel M. Risis alleges that the Livingston Police Department's ("LPD") "policies, customs, and coordinated actions chilled Plaintiff's protected speech, selectively enforced laws on the basis of gender, and denied hearings, fair process, and access to courts, causing irreparable and compensable harm." D.E. 1 ("Complaint" or "Compl.") ¶ 35.

The Complaint alleges seven counts against the LPD.[1]  *Id.* ¶¶ 35–41.  Count I alleges that the LPD engaged in policies and customs that eroded Plaintiff's protected speech, discriminated against Plaintiff based on gender, and denied Plaintiff a fair hearing.  *Id.* ¶ 35.  Count II alleges § 1983 violations based on "[w]arrantless intrusions, fabricated complaints, seizure/non-return of

---

[1] On February 17, 2026, this Court noted Plaintiff's failure to serve and directed him to serve seven defendants (the "Unserved Defendants"):  Robert Menendez, Mikie Sherrill, the Essex County Prosecutor's Office, the New Jersey Department of Children and Families, the Family Court of Essex County, Mallary Blask Risis, and Matthew Smuro.  The Court provided Plaintiff 30 days to show cause in writing why this case should not be dismissed under Fed. R. Civ. P. 4(m) as to those unserved defendants.  The Court then *sua sponte* provided a 30-day extension to serve the Unserved Defendants.  D.E. 30.  Despite the extension, Plaintiff failed to serve the Unserved Defendants, and this Court dismissed the action without prejudice as to the Unserved Defendants. D.E. 32.

1

property, and denial of process" by the LPD. *Id.* ¶ 36.  Count III alleges that Defendants conspired to deprive him of equal protection and equal privileges in violation of § 1985(3). *Id.* ¶ 37.  Count IV alleges that Defendants violated 42 U.S.C. § 1986 by having "knowledge and ability to prevent ongoing deprivations" and "fail[ing] to act."[2] *Id.* ¶ 38.  Count V alleges that Defendants violated the civil Racketeer Influenced and Corrupt Organizations Act ("Civil RICO"), 18 U.S.C. § 1964. *Id.* ¶ 39.  Count VI asserts state-law claims for interference with custody, intentional infliction of emotional distress, defamation, and civil conspiracy. *Id.* ¶ 40.  Finally, Count VII alleges § 1983 violations based on a failure to train LPD officers not to engage in "[c]onstitutional deprivations." *Id.* ¶ 41.

The Township of Livingston (the "Township")—which the Complaint names only as the LPD, and which represents that it was improperly pleaded as such—appeared as the real party in interest and moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).[3] D.Es. 9 ("Motion" or "Mot.") & D.E. 9-1.  Plaintiff opposes the Motion.  D.E. 16 ("Opposition" or "Opp'n").  The Township replies.  D.E. 15 ("Reply").  The Court decides the Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

---

[2] Because Plaintiff brings this claim against "supervisory/official Defendants who had power to prevent and failed to do so," the Court assumes this count includes the LPD.

[3] The Court notes that this action was brought against the LPD—not the Township.  But "[u]nder New Jersey law, naming [the LPD] as a defendant is legally equivalent to naming the [Township]" so "the Court will construe Plaintiff's § 1983" claims against the Township.  *El v. Atl. City Freeholders Bd. of Commissioners*, No. 22-6281, 2023 WL 8271768, at *4 (D.N.J. Nov. 30, 2023).

## I.    BACKGROUND[4]

Plaintiff is a New Jersey resident and father of two minor sons.  Compl. ¶¶ 10, 18; D.E. 1-4 (the "Attachments") at 6.[5]  From around 2019 through 2025, Mallary Blask Risis, Plaintiff's wife, who Plaintiff alleges he is separated from, reportedly took their sons across county and state lines at least twenty-four times without consent or prior court authorization.  *Id.* ¶ 20.  Plaintiff reported these removals and submitted domestic violence claims against Ms. Risis to the LPD, the Essex County Prosecutor's Office, and the New Jersey Department of Children and Families.  *Id.* ¶ 21.  According to Plaintiff, the officers and agencies of these departments did not enforce New Jersey's custodial-interference statutes.  *Id.* ¶ 22.

Plaintiff asserts that Ms. Risis's private counsel, Matthew Smuro, acted jointly with State officials to shield her from liability.  Attachments at 1.  Plaintiff claims that Smuro and State officials (1) advanced falsehoods about Plaintiff and suppressed discovery, and (2) municipal actors entered his home on fabricated complaints.  *Id.* ¶ 25.  Additionally, Plaintiff alleges that he faced fabricated charges and unlawful detainment under the pretext of violations of unspecified temporary restraining orders.  *Id.* ¶ 28.  Plaintiff also alleges that since 2023, Defendants then-Senator Robert Menendez and then-Representative Mikie Sherrill (together, the "Public Officials") willfully ignored Plaintiff's complaints of alleged constitutional violations.  *Id.* ¶ 27; Attachments at 3–4.

---

[4] The facts in this section are taken from the factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the Motion to Dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] Plaintiff includes three attachments:  Attachment A details the list of defendants and the basis for their inclusion in this action.  Attachment B is a letter from the Plaintiff to the Court requesting an independent review of officials that permitted his alleged harassment.  Attachment C lists the criminal and civil statutes Mallary Blask Risis has purportedly violated.  Because the Attachments are consolidated in one docket entry, the Court refers to page numbers in the entry, D.E. 1-4.

After airing the Public Officials' decision to ignore Plaintiff's complaints, Plaintiff allegedly began experiencing what he believed was retaliation for pursuing his grievances. Compl. ¶ 28. For instance, Plaintiff asserts that three unidentified men were permitted to sit in on a private family court proceeding, breaching confidentiality and judicial ethics. *Id.* Plaintiff asserts that when attempting to identify these individuals, "production was delayed or refused, impeding his access to evidence and relief." *Id.* ¶ 29. Plaintiff argues that these retaliatory actions amount to "a pattern of racketeering activity" under Civil RICO. *Id.* ¶¶ 30, 39.

As a result of the alleged pattern of retaliation, Plaintiff has sustained psychological, financial, and reputational harm, including "complex PTSD symptoms and economic devastation." *Id.* ¶ 31. Plaintiff also contends that substantial financial assets, such as multiple properties, were disrupted during litigation. *Id.* ¶ 32. Plaintiff, however, does not detail which PTSD-related symptoms he suffers from or how litigation has affected him financially. *See id.*

The Complaint seeks compensatory, treble, and punitive damages; attorney fees; declaratory relief; and an injunction prohibiting retaliation, harassment, and defamation arising from the facts alleged. *Id.* at 12–14.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly

authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Courts may not consider "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

Because Plaintiff proceeds *pro se*, the Court construes his Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not relax the obligation to plead facts: a *pro se* plaintiff must still allege enough to state a plausible claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although there is no "'probability requirement,'" plaintiff's claims must do more than present "a sheer possibility that a defendant has acted unlawfully." *Id.* The allegations must include "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## III.    DISCUSSION

At threshold, the Court must determine whether Plaintiff can hold the LPD liable for a § 1983 violation under the *Monell* doctrine. Under that doctrine, a municipality answers under

§ 1983 not for its employees' acts on a theory of *respondeat superior*, but only for its own policy or custom that is the moving force behind a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978). Because the LPD is not an independent legal entity but is instead an administrative arm of the Township, it is not amenable to suit. The proper defendant is the Township of Livingston, which—improperly pleaded as the LPD—is the real party in interest and has appeared to defend. *See* D.E. 9-1. And even if the Township were substituted as defendant, the Complaint would fail under *Monell* because Plaintiff pleads no municipal policy or custom.

The Complaint faces a recurring obstacle. Plaintiff names eight defendants—the LPD among them—along with fifty fictitious John Does, but pleads against them collectively. *See* Compl. Plaintiff does little to distinguish which defendant did what. *Id.* Each of the seven counts re-alleges all thirty-four preceding factual paragraphs and then asserts its claim against undifferentiated groups: "all Defendants," "state/municipal Defendants," or "supervisory/official Defendants." *Id.* ¶¶ 35–41. That is a shotgun pleading, and it leaves the Court unable to discern which factual allegations are directed at the LPD or the Township as opposed to the seven other named defendants. *See Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (requiring that a complaint "identif[y] discrete defendants and the actions taken by these defendants"). The Court construes the *pro se* Complaint liberally and does not rest dismissal on this defect alone, but Plaintiff's failure to tie specific allegations to specific defendants compounds the pleading deficiencies addressed below—most directly, the absence of any allegation connecting a policy or custom to the Township.

The Court addresses Plaintiff's federal claims in turn: the § 1983 claims governed by *Monell* (Counts I, II, and VII), the § 1985(3) conspiracy claim (Count III), the derivative § 1986

claim (Count IV), and the civil RICO claim (Count V). Because no federal claim survives, the Court declines to exercise supplemental jurisdiction over the state-law claims in Count VI.

### A. Liability Under the *Monell* Doctrine

#### 1. *Plaintiff's Monell claim against the LPD*

Plaintiff improperly tries to extend § 1983 liability to the LPD through the *Monell* doctrine. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives another of a right secured by the Constitution or federal law. 42 U.S.C. § 1983. Because the LPD operates as an arm of local government, Plaintiff's effort to hold it liable implicates *Monell*, which governs when—and against whom—a constitutional violation by a municipal entity gives rise to § 1983 liability. Municipalities are "persons" under § 1983, but only when a municipal policy or custom causes the violation. *Monell,* 436 U.S. at 690–91. Police departments like the LPD are not municipalities—they are administrative sub-units with no independent legal existence, and therefore not suable persons under § 1983. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004).

To state a § 1983 claim, a plaintiff must plausibly allege that *a person* acting under color of state law deprived him of a right secured by the Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The LPD is not a "person" that may be found liable under § 1983 under *Monell* because it is not an independent legal entity. *See Carter v. Matos*, No. 09-5503, 2010 WL 3169284, at *4 (D.N.J. Aug. 10, 2010) (dismissing a § 1983 claim against a police department); *Johnson v. Provenzano*, No. 12-1253, 2014 WL 7011545, at *9 (D.N.J. Dec. 11, 2014) (same).

And where, as here, the defendant is a municipality like the Township, a plaintiff must also satisfy *Monell*'s demand of a policy or custom that is the "moving force" behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). In other words, "liability cannot be predicated

7

solely on the operation of *respondeat superior*." *Kornegey v. City of Philadelphia*, 299 F. Supp. 3d 675, 680 (E.D. Pa. 2018) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that a defendant must be personally involved in the alleged wrongful conduct to be held liable for civil rights violations)). Accordingly, Counts I and II are **DISMISSED *with prejudice***[6] as to the LPD and are **DISMISSED *without prejudice*** as to the Township.

### 2. *Plaintiff fails to state a claim under Monell*

Read against the Township—the proper municipal defendant, which has appeared—Plaintiff's *Monell* claim fails. The Complaint points to no facts suggesting that a Township policy or custom authorized the harassment Plaintiff alleges.[7] To make a *Monell* claim, plaintiffs must show: (1) the existence of a policy or custom, (2) that policymakers acted with deliberate indifference to the known consequences of that policy or custom, and (3) that the policy or custom was the "moving force" behind the constitutional violation. *Toka v. Burlington Cnty.*, No. 23-1971, 2026 WL 1506314, at *7 (D.N.J. May 29, 2026) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404–06 (1997)). For example, *Monell* itself involved a class of female employees of the Department of Social Services and of the Board of Education of the City of New York who were compelled to take unpaid leaves from their jobs due to their pregnancies. 436 U.S. at 660–61. The Supreme Court held that since the case "unquestionably"

---

[6] Because § 1983 claims cannot be brought against the LPD, amendment would be futile. *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 494 (3d Cir. 2017) (holding that dismissal with prejudice is warranted when "[a]mendment would be futile if the complaint . . . would nonetheless be subject to dismissal for failure to state a claim").

[7] The Court addresses Plaintiff's pleading failures with respect to the Township, as it is the proper Defendant and the real party in interest here. The Court's reasoning and decision would be the same as to the LPD, assuming it could be sued under *Monell*.

8

involved a policy that forced the plaintiffs to take unpaid leave, the municipality of New York City could be held liable under § 1983. *Id.* at 694–95.

Plaintiff does not meet his burden under the *Monell* doctrine. Unlike *Monell*, where the plaintiffs identified an official policy causing the harm, Plaintiff here merely alludes to vague references of "deliberate evidence suppression" and discriminatory policies and customs. Compl. ¶¶ 23–26. And Plaintiff does even less to allege that a policymaker, policy, or custom authorized the discrimination outlined in the Complaint. *See generally* Compl.

Instead, Plaintiff relies solely on "labels and conclusions" that do not survive a Rule 12(b)(6) challenge. *Twombly*, 550 U.S. at 555. Such conclusory statements, either alone or in conjunction, are insufficient to present a factual basis to establish liability under Counts I and II of the Complaint under *Monell*. *See Costino v. Anderson*, No. 14-6940, 2017 WL 4404392, at *6 (D.N.J. Oct. 4, 2017) (explaining that "conclusory allegations are . . . insufficient to state a plausible *Monell* claim to survive a motion to dismiss."). Plaintiff also argues that the LPD acted within its scope of employment, Compl. ¶ 13, improperly invoking the standard reserved for a *respondeat superior* theory of liability, which, under *Monell*, cannot be the sole reason for § 1983 liability, *Kornegey,* 299 F. Supp. 3d at 680.

Alternatively, Plaintiff could demonstrate that a municipality's failure to train officers amounts to a *Monell* violation when "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999) (citation omitted). In *Carter*, the plaintiff brought a § 1983 claim against unknown policymakers within the Philadelphia District Attorney's Office for inadequately training their police officers. 181 F.3d at

9

342–43.  The Third Circuit held that the plaintiff had adequately pleaded all three elements, focusing on element two, which it found satisfied due to Philadelphia's 39th Police District's history of corruption, which amounted to a "history of employee[] mishandling."  *See id. at* 357.

Here, Plaintiff fails to plead sufficient facts for Count VII to support all three *Carter* elements.  Plaintiff identifies no Township policymaker, no prior incident, and no specific gap in training.  *See* Compl.  Fatally, Plaintiff includes nothing to establish either that Township or LPD officials *knew* their officers would face the kind of situation Plaintiff describes or that such encounters have a history of mishandling under element two.  *Id.*  And finally, Plaintiff fails to allege a single fact tying the alleged training deficiency to a pattern of constitutional harm where the wrong choice by an officer would frequently cause deprivation.  *Id.*  Thus, Count VII is **DISMISSED** *with prejudice* as to the LPD and is **DISMISSED** *without prejudice* as to the Township.[8]

### B.    Plaintiff's Conspiracy to Interfere with Civil Rights Claim Fails

Here, too, Plaintiff fails to plead sufficient facts.  Plaintiff alleges that Defendants conspired to deprive him of equal protection and equal privileges.  Compl. ¶ 37.  The Township responds that the Complaint identifies no agreement among any defendants and no racial or class-based discriminatory animus—both of which a claim under § 1985(3) requires.  Mot. at 5–6.  Section 1985(3) does not reach every agreement to do another wrong; it supplies a remedy only

---

[8] The Court notes that Plaintiff's opposition leans heavily on body-worn-camera footage, which he claims the Township has withheld.  D.Es. 16-1 & 16-2 ("Plaintiff's Certifications").  But the allegations in Plaintiff's Certifications do not appear in the Complaint, and on a Rule 12(b)(6) motion the Court looks to the pleadings, not to new facts a party supplies in its brief.  *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (holding that a complaint may not be amended by briefs to a motion to dismiss).  Plaintiff may not amend his Complaint through his Opposition.  And even credited, Plaintiff's Certifications describe missing footage—not any municipal policy or custom.  They therefore do not save the *Monell* claims.

for conspiracies to deprive a person of equal protection of the laws that are motivated by some racial or otherwise class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (holding that § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action"). To state a claim for conspiracy under § 1985(3), a plaintiff must allege four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)).

To allege a conspiracy under the first element, a plaintiff must plead plausible factual allegations to support the reasonable inference that two or more persons formed an actual agreement to deprive the plaintiff of their civil rights. 42 U.S.C. § 1985(3); *see Watson v. Sec'y, Pa. Dep't of Corr.*, 436 F. App'x 131, 137 (3d Cir. 2011). Further, a plaintiff must set forth allegations that address the (1) period of the conspiracy, (2) object of the conspiracy, and (3) actions of the alleged conspirators taken to achieve the conspiracy. *Kelly v. Pier*, No. 16-3417, 2017 WL 3397030, at *10 (D.N.J. Aug. 8, 2017) (quoting *Ivan v. Cnty. of Middlesex*, 595 F. Supp. 2d 425, 484 (D.N.J. 2009)); *see also Schlichten v. Cnty. of Northampton*, 279 F. App'x 176, 179 (3d Cir. 2008) (requiring a conspiracy to be pleaded with specificity).

Plaintiff's conspiracy claim fails at the first element. Although Plaintiff claims that defendants conspired to deprive him of equal protection and equal privileges, and he alludes to collaboration between private counsel and public officials, Plaintiff presents no facts that support the inference that the LPD reached an agreement, either among themselves or with other defendants, to deprive him of his civil rights. *See* Compl. Indeed, Plaintiff does not distinguish

11

among defendants in alleging the conspiracy—the same shotgun defect noted above. *See Foulke v. Twp. of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *1 (D.N.J. July 29, 2024) (dismissing a § 1983 complaint due to shotgun pleading).

Such vague and conclusory allegations are insufficient to support a conspiracy claim. *See Grant v. Slattery*, No. 22-941, 2022 WL 4550632, at *7 (D.N.J. Sept. 29, 2022) (holding that plaintiff failed to describe any concerted action between school board members necessary to plead conspiracy); *Kelly*, 2017 WL 3397030, at *11 (holding that numerous general and conclusory allegations that municipal defendants "conspired between and amongst themselves" do not fulfill the plausibility requirement). Put simply, Plaintiff fails to "allege that [LPD or any defendant] communicated with one another or came to an agreement to conspire against him." *Muhammad v. Cappellini*, 477 F. App'x 935, 938 (3d Cir. 2012) (affirming the dismissal for failure to plead a conspiracy).

And even if Plaintiff had pleaded adequate factual allegations to establish a conspiracy, to satisfy the second element, Plaintiff has pleaded no facts related to discriminatory animus or invidious discrimination. *Kidwai v. Hudson Cnty. Prosecutor's Off.*, No. 23-23206, 2026 WL 881599, at *6 (D.N.J. Mar. 31, 2026) (dismissing § 1985(3) claim for failing to plead racial or class-based discriminatory animus). Because Plaintiff has failed to plead sufficient facts to satisfy the elements of his conspiracy claim under § 1985, Count III is **DISMISSED** *without prejudice* as to both the Township and the LPD.

### C.    Plaintiff's Section 1986 Claim Fails

Count IV rises and falls with Count III. Section 1986 creates liability for those who know that a § 1985 conspiracy is afoot, have the power to stop it, and fail to do so. *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980). The claim is entirely derivative. *D'Aurizio v. Palisades*

*Park*, 963 F. Supp. 378, 386 (D.N.J. 1997) ("[A]ll claims under section 1986 are derivative in nature, requiring a valid underlying section 1985(3) claim.") (citation omitted). As the Third Circuit has put it, "transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Because Plaintiff has not stated a claim under § 1985(3), his § 1986 claim necessarily fails with it. Count IV is **DISMISSED** *without prejudice* as to both the Township and the LPD.

### D. Plaintiff's Civil RICO Claim Fails

Plaintiff fails to plead sufficient facts to state a Civil RICO claim. Section 1962(c) of the RICO statute provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). Section 1964(c) creates a civil cause of action for any person injured "in his business or property" by a defendant's RICO violation. 18 U.S.C. § 1964(c). To state a civil RICO claim under § 1962(c), a plaintiff must allege four elements:

> (1) the existence of an enterprise . . . affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that the defendant participated through a pattern of racketeering activity that . . . include[d] . . . at least two racketeering acts.

*Munsif v. Cassel*, 331 F. App'x 954, 958 (3d Cir. 2009).

Plaintiff has failed, among other things, to plead sufficient facts to establish a pattern of racketeering. A pattern of racketeering requires the commission of at least two predicate acts of racketeering within a ten-year period that are related and that amount to, or threaten the likelihood of, continued criminal activity. 18 U.S.C. § 1961(5); *see, e.g., H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (holding that plaintiffs successfully pleaded a pattern of racketeering activity

13

by alleging that defendants gave several bribes which were related by a common purpose).  The RICO statute lists obstruction offenses and certain types of fraud as predicate acts.  *See* 18 U.S.C. § 1961(1).

Plaintiff alleges that a pattern of racketeering activity was created by the LPD through "obstruction, fraud, and related predicate acts."  Compl. at 11.  Although the Complaint does not identify the obstruction statute upon which he bases his claims, he apparently[9] seeks to proceed under 18 U.S.C. § 1503.  Under § 1503, anyone who "corruptly or by threats of force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede the due administration of justice" may be held criminally liable.  18 U.S.C. § 1503.

Plaintiff bases his obstruction claim upon allegations that the LPD "executed unlawful entries" and deliberately suppressed evidence—but he does not provide specific details.  Attachment A at 2.  Plaintiff does not plead facts or provide examples of the alleged corruption, any threat of force, or any threatening communication on the part of the LPD.  Plaintiff again simply provides conclusory allegations, which cannot form the basis for an adequately pleaded claim.  *See Winters v. Jones*, No. 16-9020, 2018 WL 326518, at *10 (D.N.J. Jan. 8, 2018) (holding claims that defendants obstructed justice by using corrupt plaintiffs to file lawsuits are insufficient to plead a plausible obstruction of justice claim as a RICO predicate act); *Matta v. Kaur*, No. 24-

---

[9] Plaintiff's Complaint does not cite an obstruction statute by number.  Section 1961(1) lists several obstruction-related RICO predicates under 18 U.S.C. §§ 1503, 1510, 1512, and 1513.  Plaintiff does not point to any of the listed predicates but instead alleges generalized "deliberate evidence suppression" and that "production was delayed or refused, impeding his access to evidence and relief."  Compl. ¶ 29; Attachments at 2.  That broad formulation tracks § 1503's catch-all language reaching anyone who "obstructs, or impedes, or endeavors to . . . obstruct, or impede the due administration of justice," 18 U.S.C. § 1503, more closely than any of the other listed obstruction predicates.  The Court therefore construes Plaintiff's obstruction theory as arising, if at all, under § 1503.

5743, 2025 WL 2987103, at *4 (D.N.J. Oct. 23, 2025) (noting that the Third Circuit has never recognized obstruction of justice as a viable RICO predicate except in cases involving witness intimidation). Thus, Plaintiff has not adequately pleaded obstruction as a predicate act.

The RICO statute lists mail fraud and wire fraud as predicate acts; general fraud is not listed. *See* 18 U.S.C. § 1961(1). Plaintiff does not allege either mail or wire fraud. *See* Compl. Nor does he present any facts to establish mail or wire fraud. *Id.* Plaintiff's claims that fraud establishes a pattern of racketeering also fail. *See Briksza v. Moloney*, No. 08-1785, 2009 WL 1767594, at *8 (D.N.J. June 19, 2009) (holding that plaintiff's blanket allegations that defendants engaged in fraud were insufficient predicate acts under RICO); *Zellner v. Monroe Cnty. Mun. Waste Mgmt. Auth.*, No. 07-1976, 2008 WL 2962595, at *9 (M.D. Pa. July 28, 2008) (holding that general allegations of fraud will be dismissed as potential predicate acts because general fraud is not listed in the RICO statute).

Further, Plaintiff here must plead the circumstances of the alleged underlying RICO fraud predicate with particularity. *Morales v. Superior Living Prod.*, 398 F. App'x 812, 814 (3d Cir. 2010) (requiring specificity for fraud-based RICO claim); Fed. R. Civ. P. 9(b). This requirement can be met by pleading the date, place or time, or by injecting precision and some measure of substantiation into the allegations. *Morales*, 398 F. App'x at 814.

Here, Plaintiff fails to allege specific instances of fraud at any point in the Complaint. Plaintiff relies exclusively on vague and conclusory statements such as "[e]ach retaliatory action fits a pattern . . . meeting the RICO threshold of concerted enterprise conduct through repeated predicate acts of obstruction, fraud, and deprivation of rights." *See id.* at 8. But "Plaintiff[] may not rest upon vague or conclusory allegations of fraud." *Weiss v. First Unum Life Ins.*, No. 02-4249, 2003 WL 25713970, at *6 (D.N.J. Aug. 27, 2003) (citation omitted) (holding that plaintiff's

15

allegations of fraud failed because plaintiff did not specify which specific fraudulent acts the particular defendants were alleged to have engaged in).  Because Plaintiff has failed to plead sufficient facts to support his RICO claim under § 1962(c), Count V is **DISMISSED** *without prejudice* as to both the Township and the LPD.

## IV.    CONCLUSION

For the reasons above,

**IT IS,** on this 23rd day of June, 2026,

**ORDERED** that Livingston Township's Motion to Dismiss, D.E. 9, is **GRANTED** and it is further

**ORDERED** that Counts I, II, and VII against the Livingston Police Department are **DISMISSED** *with prejudice*; and it is further

**ORDERED** that Counts I, II, and VII against the Livingston Township are **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Counts III, IV, V, and VI[10] are **DISMISSED** *without prejudice* as to both the Livingston Police Department and the Livingston Township; and it is finally

**ORDERED** that Plaintiff may file an amended complaint within **45 days** of this Order. [11]

Evelyn Padin, U.S.D.J.

---

[10] Because the Court dismisses all of Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over the state-law claims in Count VI.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

[11] While the Court provides Plaintiff leave to amend the Complaint, *see Phillips*, 515 F.3d at 236, the Court cautions Plaintiff that "any amendment must have a good faith basis on which [p]laintiff can proceed," *Uygur v. Gensler*, No. 24-975, 2024 WL 3497888, at *4 (E.D. Pa. July 19, 2024).

16